ItLOVE, J.,
Concurs with Reasons.
As the majority states, “When there is a jury, the jury is the trier of fact.” Scott v. Hospital Serv. Dist. No. 1, 496 So.2d 270, 273 (La.1986). This concept is the predicate of the rigorous standard for JNOV.
The Supreme Court in Davis v. Wal-Mart Stores, Inc., 00-0445, pp. 4-5 (La.11/28/00), 774 So.2d 84, 89, sets out the standard for granting and reviewing a JNOV as follows:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, *689 the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
The standard of review for a JNOV on appeal is a two-part inquiry. In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether or not to grant the motion. After determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review.
(Internal citations omitted).
| ¡.The trial court did not meet this rigorous standard when it granted the plaintiffs motion for JNOV.
The trial court stated in its reasons for judgment in part:
I am often not surprised by jury verdicts, but I certainly was in this instance. The defendant driver admitted to crossing into another lane of traffic and more importantly admitted not watching the rear of the [sic] his truck in his mirrors as he made his turn. He was clearly at fault. However, Mr. Gui-dry was also at fault for not stopping as he realized the truck was turning into his lane.
Clearly, the trial court is weighing evidence, which is not permitted when considering a motion for JNOV. The trial court substituted its own judgment for that of the jury, which is strictly prohibited by the law.
There was ample evidence presented at trial that would allow a reasonable jury to find that the defendant, Andy Leon, was not at fault for the accident in the instant case. Andy Leon, driver of the tractor-trailer, testified that he followed all the proper procedures for making turns in a tractor-trailer, including turning on his turn signal one hundred feet before reaching the intersection, waiting for several cycles of the traffic light before attempting the turn, and checking his mirrors for other cars. Todd Guidry, the driver of the Nissan Pathfinder, admitted not only that he drove a truck for a living, but that he was aware that tractor-trailers may cross into the adjacent lane when making turns. He also admitted that he observed the turn signal on Andy Leon’s trailer before making the turn and that the tractor-trailer was pulled out ahead of him in the intersection. From his testimony, a reasonable jury could have found that he had notice that the tractor-trailer was about to turn, but despite his knowledge that turning tractor-trailers sometimes cross over into the adjacent lane, decided to make his turn anyway, risking collision. Cindy Adam’s testimony reiterated that the tractor-trailer was pulled out ahead of the Nissan Pathfinder in the intersection, before the turn was attempted, because she observed the tractor-trailer outside her passenger window. Given this Land other evidence presented at trial, the jury could have reasonably found that Todd Guidry was completely at fault for the accident in question. The standard for JNOV was not met because the evidence was not overwhelmingly favorable to the moving party such that a reasonable jury could not have found otherwise.
TOBIAS, J., concurs.